**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1882
_____

UNITED STATES OF AMERICA

v.

JONATHAN BROWNLEE,

Appellant

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
(Crim. No. 3-10-cr-00176-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2015

Before: FUENTES, SHWARTZ, and VAN ANTWERPEN, *Circuit Judges*

(Filed: January 22, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Jonathan Brownlee appeals the order of the District Court revoking his supervised release and sentencing him to nine months' imprisonment followed by an additional term of supervised release. Brownlee's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), arguing that Brownlee's appeal contains no nonfrivolous issues. Brownlee has filed a *pro se* brief challenging his revocation sentence. We will grant counsel's motion to withdraw and affirm the order of the District Court.[1]

## I.

Brownlee pleaded guilty to a one-count indictment arising from the receipt and distribution of child pornography and was sentenced to 60 months' imprisonment and 20 years' supervised release.[2] Shortly after Brownlee's release from incarceration, the Probation Office determined that Brownlee had violated the terms of his supervised release and petitioned the District Court for a warrant for his arrest. Brownlee's purported violations included (i) four failed drug tests, (ii) failure to submit complete and truthful reports regarding his income, (iii) failure to notify his employer of his criminal history, (iv) possession of unapproved computing equipment, and (v) failure to complete sex offender treatment.

The District Court conducted a violation hearing on March 26, 2015, during which

---

[1] The District Court had jurisdiction to revoke Brownlee's term of supervised release pursuant to 18 U.S.C. § 3583(e). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Brownlee was convicted pursuant to 18 U.S.C. § 2252(a)(2).

Brownlee's counsel and the government announced that they had reached an agreement to resolve Brownlee's alleged violations. Under the agreement, Brownlee would admit to using controlled substances and to failing to report his income, and would not contest the violation pertaining to his failure to complete sex offender treatment; in turn, the government would not pursue any other violations.[3] At the conclusion of the hearing, the District Court sentenced Brownlee to a new term of nine months' incarceration followed by nineteen years and four months of supervised release.

Brownlee now challenges the judgment of the District Court.

## II.

We begin by considering whether counsel's brief fulfills the *Anders* requirements and whether our own independent review of the record reveals any nonfrivolous issues for appeal.[4] Counsel's duties in preparing an *Anders* brief "are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous."[5] We review a district court's decision to revoke supervised release for abuse of discretion.[6] We examine a district court's imposition of a sentence following revocation of supervised release for reasonableness in view of the

---

[3] App. Vol. II at 32–34.

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[5] *Id*.

[6] *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).

relevant statutory sentencing factors.[7]

The *Anders* brief satisfies us that all possible issues for appeal are frivolous. The brief explains that the District Court had jurisdiction; the plea colloquy was adequate; Brownlee's waiver of rights was knowing, voluntary, and intelligent; and the sentence imposed was procedurally and substantively reasonable.[8] Our independent review of the record reveals nothing to the contrary.

In his *pro se* brief, Brownlee argues that he has evidence that, while never "reviewed or considered" by the District Court, undermines the basis for his guilty plea as to two of the three specifications to which he pleaded guilty.[9] He claims that a probation officer falsely accused him of failing to report income and that he was "illegally discharged" from court-mandated sex offender treatment by his therapist after his health insurance lapsed.[10]

In the final analysis, these claims do not comport with Brownlee's decision to plead guilty and to admit the bases of his violations to the District Court. A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release.[11] We have explained that

---

[7] *United States v. Bungar*, 478 F.3d 540, 542–43 (3d Cir. 2007) (discussing the sentencing factors set forth in 18 U.S.C. § 3553(a)).

[8] *See Anders* Counsel's Br. at 14–20. The District Court's sentence was within the Guidelines range of 5–11 months. *See* App. Vol. II at 31:12–21.

[9] Def.'s Br. at 8.

[10] *Id.* at 8–9.

[11] 18 U.S.C. § 3583(e)(3).

this standard is far lower than that necessary to be "adjudged guilty of a crime," since a district court need only be "reasonably satisfied that [a defendant] has violated one of the conditions."[12] During his plea colloquy, Brownlee admitted to failing to report income, albeit with the caveats that he "didn't think it was that important" and that his failure was "an honest mistake."[13] Likewise, Brownlee castigated his therapist at the colloquy, claiming that he submitted "false reports" and threatening to sue him for malpractice.[14] Even so, Brownlee admitted that he "technically" had failed to complete sex offender therapy.[15] His counsel also told the District Court that Brownlee felt he was "discharged in his view improperly by the therapist,"[16] and the District Court declined to make any factual findings on the issue.[17]

In view of all the facts discussed during the hearing, and in light of Brownlee's own admissions, we conclude that the District Court had sufficient evidence before it to revoke Brownlee's supervised release and to impose its sentence.

### III.

Counsel's brief satisfies the requirements of *Anders*. Our independent review of

---

[12] *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004) (quoting *United States v. Manuszak*, 532 F.2d 311, 317 (3d Cir. 1976)).

[13] App. Vol. II at 48:12–19.

[14] *Id.* at 54:17–24.

[15] *Id.* at 35:13–14.

[16] *Id.* at 33:12–15.

[17] *Id.* at 65:20–23.

the record confirms counsel's belief that there are no nonfrivolous issues on appeal. Therefore, we will grant counsel's motion to withdraw and affirm the District Court's revocation of supervised release and imposition of a new sentence.[18]

---

[18] Appellant is hereby advised that under the Criminal Justice Act, counsel is not obligated to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court. *See also* LAR 35.4, 109.2(b). If Appellant wishes to pursue these avenues, he must do so *pro se.* Appellant should note that a petition for rehearing en banc must be filed within 14 days of the entry of judgment; if that time has passed, Appellant may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this Opinion to the Appellant.